**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

                                 Case No. HG 07-02149

DAVID J. THOMASMA,

      Debtor.

_____/

## OPINION RE: CHAPTER 7 TRUSTEE'S MAY 19, 2008
## OBJECTION TO EXEMPTIONS

Appearances:

Michael M. Malinowski, Esq., Grand Rapids, Michigan, attorney for Debtor
Mitchell J. Hall, Esq., Wyoming, Michigan, attorney for the Chapter 7 Trustee
Jeff A. Moyer, Esq., Grandville, Michigan, Chapter 7 Trustee

The Chapter 7 Trustee, Jeff A. Moyer ("Trustee"), has objected to Debtor David Thomasma's claimed exemption of his 2007 tax refunds. Trustee contends that Debtor is time-barred from claiming this exemption because Debtor failed to include the refunds in his original schedules. For the reasons stated in this opinion, Trustee's argument is rejected. However, Trustee may still proceed with whatever argument he may have that Debtor's belated exemption of these refunds is otherwise improper.

## BACKGROUND

Section 521(a)(1)(B)(i)[1] requires all debtors seeking relief under the Bankruptcy Code to file schedules of their assets and liabilities. Schedule B addresses all of the debtor's personal property.

---

[1]11 U.S.C. § 521(a)(1)(B)(i). Unless otherwise designated, all further references to "Section ____," shall be to the Bankruptcy Code. 11 U.S.C. §§ 101, *et seq.*

Line 21 of that schedule requires the debtor to disclose anticipated refunds for the current tax year and to estimate their value. Official Form B6B, line 21.

Debtor commenced his case on March 26, 2007. He did not disclose at that time any expected tax refund for 2007. In fact, his response to line 21 of his original Schedule B was "None."

Debtor did, though, include expected tax refunds in the amended schedules he filed some thirteen months later. It would appear that Debtor anticipated receiving altogether $1,120.00 in refunds for that year. However, his amended Schedule B indicated that he considered only one-quarter of that amount ($278.00) as actually belonging to the estate.

Debtor also amended his Schedule C at the same time. That schedule sets out all of the debtor's claimed exemptions. *Cf.* 11 U.S.C. § 522 and FED.R.BANKR.P. 4003. Debtor's amended Schedule C added the now disclosed quarter interest in the tax refunds as a $278.00 Section 522(d)(5) exemption.[2]

Trustee does not contest either Debtor's ability to claim tax refunds as exempt under Section 522(d)(5) or the amount of the exemption claimed. His objection instead is that Debtor cannot at this late date just amend his schedules to "add" these refunds. Consequently, Trustee contends that Debtor currently is not in a position to claim them as exempt.

---

[2]Section 522(d)(5) permits a debtor to exempt from the estate's property whatever he chooses provided the aggregate value of his selections does not exceed a prescribed amount. Currently that amount may be as much as $11,200.00.

2

Trustee has filed similar objections in ten other cases.[3] Therefore, a consolidated hearing was held.[4] Although this opinion is captioned under only the case of David Thomasma, it is equally applicable to these other cases.

## DISCUSSION

Trustee's objection is based upon what he characterizes as a much needed reconciliation of three different bankruptcy rules. Trustee recognizes that Rule 1009(a)[5] provides that a debtor may amend any schedule, including Schedules B and C "as a matter of course at any time before the case is closed." He also acknowledges, albeit with reservations, that the Sixth Circuit has described the approach contemplated in that rule as "permissive" and that a court generally should not refuse an amendment to debtor's claimed exemptions regardless of when made. *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984).

Nonetheless, Trustee contends that Rule 1009(a) is not so permissive as to allow the debtor to "add" to either Schedule B or C property that should have been disclosed in his schedules at the outset of the case. He derives his argument from both Rule 1007(c), which requires schedules to be filed no later than 15 days from the date of the petition, and Rule 4003(a), which requires the debtor to list in those original schedules what the debtor intends to claim as exempt. Trustee contends that

---

[3] *See, Mark and Michelle Radtke*, Case No. 07-03161; *Donald and Donna Scott*, Case No. 07-04492; *Melissa Johnson*, Case No. 07-05654; *Donald and Diana Harkins*, Case No. 07-06308; *Blair and Jenee Ross*, Case No. 07-07114; *Delores Wilcox*, Case No. 07-08405; *Larry and Cindy Erickson*, Case No. 07-09179; *Megan Mattson*, Case No. 07-09467; *Charles Lloyd*, Case No. 08-00841; and *John and Tammela Johnson*, Case No. 08-03328.

[4] The record consists of all briefs filed by Trustee and the various debtors as well as what transpired at the hearing itself.

[5] FED.R.BANKR.P. 1009(a). Unless otherwise indicated, all further citations in this opinion to "Rule _____" will be to the Federal Rules of Bankruptcy Procedure.

3

the specific obligations imposed upon the debtor by these two rules override whatever freedom to amend the debtor might otherwise have under Rule 1009(a). Consequently, Trustee argues that the addition of an omitted asset to a debtor's original schedules can only be corrected by first securing leave from the court under Rule 9006(b)(1) to extend the 15-day limit within which the original schedules themselves had to be filed. Trustee further points out that such leave is not automatic, but rather requires a showing from the debtor that the omission to be corrected was due to excusable neglect. *Id.*

Key to Trustee's argument is his distinction between "amendments" to the schedules and "additions" to the schedules. According to Trustee, a Rule 1009(a) amendment covers only alterations to the information already set forth in the schedules. As proof, Trustee compares Rule 1009(a) with Rule 1007(h). This latter rule requires the debtor to file "supplemental" schedules should the debtor acquire assets post-petition that fall within the scope of Section 541(a)(5). Adding previously undisclosed assets to the debtor's schedules, in Trustee's view, is more akin to supplementing the previously filed schedules than amending them.

However, the distinction Trustee makes is not appropriate in this instance. There are certainly circumstances where the addition of something new to a previously submitted document should be described as a supplement as opposed to an amendment. Trustee, though, forgets that the only purpose of a debtor's preparation and submission of schedules is to provide information. Consequently, a debtor would not be "adding" anything to the estate were he to change either Schedule A or B to reflect an omitted asset. He instead would be merely correcting an inaccuracy in what had been previously reported. Or, to put it differently, he would be amending his schedules, for, as Trustee himself acknowledges, "amend" means "[t]o improve. To change for the better by

4

removing defects or faults. To change, correct, revise." Trustee's Brief, p. 16 (quoting *Blacks Law Dictionary* (5th ed. 1979).

Nor does Rule 1007(h) and its reference to supplementing schedules conflict with this interpretation. Again, that rule addresses a unique situation - the estate's acquisition of post-petition property through, for example, a belated bequest to the debtor. *See*, 11 U.S.C. § 541(a)(5).[6] Such additions, though, would not require a correction of the existing schedules, for those schedules would have reported only the debtor's assets as of the commencement of his case. Consequently, a debtor would indeed be "supplementing" his previously filed schedules were he later to report his subsequent acquisition of an asset like the ones described in Section 541(a)(5).

A Rule 1007(h) submission, then, is more like an original schedule than the correction of a prior schedule and it is for this reason that the requirements under Rule 1007(h) are stricter than those for Rule 1009(a) amendments. Put simply, the obligation imposed by Rule 1007(h) with respect to the debtor's post-petition Section 541(a)(5) assets is the same as the one imposed upon

---

[6]      (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

* * *

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—
     (A) by bequest, devise, or inheritance;
     (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
     (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. § 541(a)(5).

the debtor by Rules 1007(b) and (c) and 4003(a) with respect to the debtor's pre-petition Section 541(a)(1) assets - to in good faith disclose in written schedules within a short period of time all of the debtor's property that has become property of the estate and to then disclose at the same time in a separate schedule those items that are claimed as exempt.  Indeed, should a Rule 1007(h) supplementary schedule later prove to be inaccurate, it stands to reason that it too could be corrected through the permissive amendment provisions of Rule 1009(a).[7]

This court, therefore, does not find within Rules 1007, 1009, and 4003 the same prohibitions as does Trustee.  However, Trustee's objection to Debtor's recent amendments is in reality not so much about whether Debtor has complied with these rules as it is about whether Debtor should be penalized for not accurately completing his schedules in the first place.  But the Bankruptcy Code itself already provides dismissal of the debtor's case under Section 707(a) as one remedy for such transgressions and the denial or revocation of the debtor's discharge under Section 727 as another. Moreover, the courts have supplemented these statutory remedies with further penalties that differ from what Trustee now advocates only in degree.  For example, the Sixth Circuit has recognized in *Lucius v. McLemore* that the exemption of a previously undisclosed asset will not be allowed if the debtor's subsequent attempt to exempt it is in bad faith or the undisclosed asset had been concealed. 741 F.2d at 127.

This court, then, declines to fashion a further remedy to address Trustee's complaint.  On the other hand, it will not shy away from applying these already recognized remedies when appropriate.

---

[7]Trustee cites *Petit v. Fessenden*, 80 F.3d 29 (1st Cir. 1996) as support for his position.  *Petit*, though, is distinguishable.  Trustee is correct that the debtor in that case was denied the right to file an amended Schedule C because the 15-day deadline under Rule 1007(c) had passed.  However, that debtor had not filed any schedules at all.  Consequently, the First Circuit sensibly concluded that the debtor never had anything to amend.

6

I share Trustee's concern that some of the eleven debtors he has targeted may not have been as forthright as they could have been in their original schedules concerning their anticipated 2007 tax refunds. Take, for example, Megan Mattson.[8] Ms. Mattson amended her schedules in May 2008 to reveal tax refunds of nearly $3,000.00. Yet only five months before Ms. Mattson stated in her original Schedule B that she did not expect to recover anything from the taxing authorities for 2007.

This court recognizes that a debtor cannot in the middle of the year calculate to the penny what, if anything, the government will return to him as his refund. However, line 21 of Schedule B does not demand of the debtor such precision; it requires only an estimate. Although there may be an occasion when even a good guess is impossible, this court believes that in most instances a debtor should be able to provide a fair idea of what he can expect to receive as a tax refund for that year. Indeed, Trustee offers an example of how easy estimating the refund can be:

**Attorney's Question:** (looking at the debtor's tax returns for last year)

So, - you received about $4,000 in tax refunds last year?

**Debtor's Answer:** Yes.

**Q:** Is your income this year about the same as it was last year?

**A:** Yes.

**Q:** Have you changed either your exemptions or your withholding this year?

**A:** No.

---

[8]*Megan Mattson*, Case No. 07-09467.

7

> **Q:**     So you are probably going to get another $4,000 in tax refunds this year?
>
> **A:**     I guess so. (or in most cases, - "I hope so.")

Trustee's Brief, pp. 42-43.[9]

In sum, debtors in this district are expected to make an honest effort when preparing their schedules. As the court observed in *In re Gonyer*:

> The integrity of the bankruptcy process rests upon a debtor's full and honest disclosure of all required information. Consequently, to the extent reasonably possible, a debtor seeking the protection of this Court must file bankruptcy schedules which are both thorough and accurate.

383 B.R. 316, 322 (Bankr. N.D. Ohio 2007) (citations omitted); *see also, Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Hyde*, 222 B.R. 214, 219 (Bankr. S.D.N.Y. 1998, *rev'd on other grounds*, 235 B.R. 539 (S.D.N.Y. 1999)).

Consequently, a debtor who chooses to exclude from his Schedule B a good faith estimate of what he can expect as a tax refund for the current year should be prepared to suffer the consequences of that decision in the event he cannot later explain its omission to this court's satisfaction.

<u>**CONCLUSION**</u>

For the reasons stated, the court will not prohibit the debtors in these various cases from now exempting their 2007 tax refunds based solely upon the technical arguments Trustee has made in his common objection. However, the fact remains that none of these debtors included in his or her original schedules an estimate of the tax refund now claimed and, as such, bad faith and concealment under *Lucius v. McLemore* are still at issue. Therefore, Trustee may, if he chooses, continue with

---

[9]Of course, the accuracy of the estimate will vary depending upon when the petition is filed. Debtors seeking relief early in the year might not be able to foresee all of the changes in income and deductions that might occur later on. On the other hand, a debtor who, like Ms. Mattson, commenced her case only days before the end of the tax year should not be so impaired.

8

his pending objections on these alternative theories.  The court will schedule a status conference in

each case to discuss how Trustee intends to proceed.

_____   11/17/08

Hon. Jeffrey R. Hughes
United States Bankruptcy Judge


Signed this  17th  day of November, 2008
at Grand Rapids, Michigan.

9